June COCHRAN, Plaintiff,

v.

**PUBLIC SERVICE COMPANY OF OKLAHOMA et al., Defendants.**

No. 76–C–155–C.

United States District Court,
N. D. Oklahoma.

July 26, 1976.

K. Lynn Anderson, Tulsa, Okl., for plaintiff.

Robert L. Lawrence, Kevin M. Abel, Tulsa, Okl., for defendants.

## ORDER SUSTAINING DEFENDANTS' MOTION TO DISMISS

COOK, District Judge.

This case is before the Court on the Motion of Defendants, Public Service Company of Oklahoma, R. O. Newman, Charles Simmons and Prentiss Carter, to Dismiss the Complaint for Failure to State a Claim upon which Relief can be Granted. The thrust of defendants' Motion is that the Public Service Company of Oklahoma is not sufficiently connected with the State of Oklahoma so that its actions constitute state action. The individual named defendants are officers, agents or employees of the defendant corporation.

Plaintiff, June Cochran, has brought this action alleging that defendant terminated electric service to her home without notice and a right to be heard in violation of plaintiff's rights guaranteed to her by the Fourteenth Amendment of the United States Constitution and Title 42 U.S.C. § 1983 (1974). Jurisdiction is premised on Title 28 U.S.C. § 1343(3) and (4).

Plaintiff has also brought this action under Title 28 U.S.C. §§ 2201, 2202 (1959) seeking a declaratory judgment in favor of

the plaintiff. Diversity of citizenship is not alleged. Jurisdiction is not present under Title 28 U.S.C. § 1331 (1966) unless a federal question is raised.

 In considering the Motion the Court has perused the entire record and is fully advised in the premises.

Title 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Before relief can be granted under § 1983 the plaintiff must establish that the prohibited action was taken "under color of" state or local law.

"The statutory prerequisites to liability under 42 U.S.C. § 1983 are: (1) that the defendant act 'under color of' state or local law, and (2) that the plaintiff be subjected to a 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" (Citations Omitted). *Stringer v. Dilger,* 313 F.2d 536, 540 (10th Cir. 1963). See *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Marland v. Heyse,* 315 F.2d 312 (10th Cir. 1963).

Whether particular conduct is private or amounts to "state action" presents a question with no easy answer. The solution lies in sifting facts and weighing circumstances. *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). See *Moose Lodge No. 107 v. Irvis,*

407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).[1] While "state action" defies precise definition the *Burton* Court recognized that state responsibility follows from " 'state participation through any arrangement, management, funds or property.' *Cooper v. Aaron,* (1958) 358 U.S. 1, 4, 78 S.Ct. 1401, 1403, 3 L.Ed.2d 5". 365 U.S. at 722, 81 S.Ct. at 860. Actions prohibited by the Fourteenth Amendment to the Constitution of the United States must also be actions taken under authority of the State.

"The Due Process Clause of the Fourteenth Amendment provides '[N]or shall any State deprive any person of life, liberty, or property, without due process of law.' In 1883, this Court in The *Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835, affirmed the essential dichotomy set forth in that Amendment between deprivation by the State, subject to scrutiny under its provisions, and private conduct, 'however discriminatory or wrongful,' against which the Fourteenth Amendment offers no shield. *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).[2]

Plaintiff contends that Public Service Company of Oklahoma is sufficiently connected with the State of Oklahoma to satisfy the requirement of "state action." Plaintiff asserts that the denial of electrical power without due process violates her Fourteenth Amendment protections.

In order to determine whether the State of Oklahoma is sufficiently involved in the activities of the defendant, the Court must look at the nature of the State control.

Public Service Company of Oklahoma is a corporation operating and existing by virtue of the "Business Corporation Act" of the State of Oklahoma. Title 18 Okla.Stat.

1. A useful analysis of factors considered by various courts in determining "state action" may be found in *Jackson v. Statler Foundation,* 496 F.2d 623 (2nd Cir. 1973).

2. Section 1 of the Fourteenth Amendment provides in part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

§§ 1.1 et seq. (1953). The Oklahoma Corporation Commission has general supervisory authority over public utilities such as the Public Service Company of Oklahoma. This authority includes such supervisory responsibilities as regulating rates, imposing rules and regulations, correcting abuses, preventing unjust discrimination, inspecting books and records and designating classifications. Art. 9, Okla.Const. § 18; Title 17, Okla.Stat. § 152 (1953). Utility companies have the right of eminent domain in the State of Oklahoma. 27 Okla.Stat. § 7 (1976).

The case of *Jackson v. Metropolitan Edison Co.,* supra, dealt with a factual situation very similar to that which is presented in this case. In *Jackson* the Metropolitan Edison Co., a privately owned and operated Pennsylvania corporation terminated petitioner's electrical service without notice and an opportunity to be heard. Petitioner brought an action against Edison under Title 42 U.S.C. § 1983 alleging a violation of her Fourteenth Amendment right to due process. In concluding that the State of Pennsylvania did not stand in a sufficiently close nexus to the actions of Edison to constitute state involvement the Supreme Court found that a monopoly status and heavy regulation by the State of Pennsylvania did not in itself comprise "state action." The *Jackson* Court also found that regulated businesses which provide goods and services which are "affected with a public interest" do not necessarily convert their actions into those of the state. *Jackson* 419 U.S. at 354, 95 S.Ct. 449.

The plaintiff asserts that the Corporation Commission of Oklahoma has approved the practices followed by the defendant in terminating electrical service. Plaintiff has made no showing that the Oklahoma State Corporation Commission has ordered the termination of service in a manner followed by the defendant.

"The nature of governmental regulation of private utilities is such that a utility may frequently be required by the state regulatory scheme to obtain approval for practices a business regulated in less detail would be free to institute without any approval from a regulatory body. Approval by a state utility commission of such a request from a regulated utility, where the Commission has not put its own weight on the side of the proposed practice *by ordering it,* does not transmute a practice initiated by the utility and approved by the Commission into 'state action.'" *Jackson,* 419 U.S. at 357, 95 S.Ct. at 456. (Emphasis Supplied).

The failure of the Oklahoma Corporation Commission to prevent termination without a hearing indicates that said Commission merely has no objection to such a practice.

The *Jackson* Court considered a situation where the private entity enjoyed the power of eminent domain and stated:

"If we were dealing with the exercise by Metropolitan of some power delegated to it by the State which is traditionally associated with sovereignty, *such as eminent domain,* our case would be quite a different one. *Jackson,* 419 U.S. at 353, 95 S.Ct. at 454. (Emphasis Supplied).

In the case of *Teleco, Inc. v. Southwestern Bell Telephone Co.,* 511 F.2d 949 (10th Cir. 1975) the court considered the question of whether termination of telephone service in Oklahoma without a hearing constituted "state action." In relying on *Jackson,* supra, the Tenth Judicial Circuit held that federal due process was not violated by interrupting such service without a hearing in that the actions of Southwestern Bell Telephone Co. did not constitute "state action." *Teleco, Inc.,* 511 F.2d at 952. The State of Oklahoma has granted the power of eminent domain to telephone companies. Title 18 Okla.Stat. § 601 (Amended 1961); Title 18 Okla.Stat. § 438.4 (1953). While the *Teleco* court did not specifically address the question of what effect the power of eminent domain would have had in determining "state action", in finding that the regulation of telephone companies by the Oklahoma Corporation Commission did not constitute "state action" the Tenth Circuit rejected "eminent domain" as a compelling factor.

Finally, the *Jackson,* supra, Court noted that while the respondent was obligated to

furnish service, Pennsylvania law imposed no such obligation on the State. In commanding the Corporation Commission to regulate the Public Service Company of Oklahoma, the State of Oklahoma has not imposed a duty on the State to supply electrical power but has merely determined that where electrical service is provided it must be regulated.

Premised on the rulings of *Jackson* and *Teleco* and the facts presented in this case, it is the conclusion of the Court that the State of Oklahoma is not sufficiently connected with the actions of the defendant, Public Service Co. of Oklahoma, and therefore with the actions of the individual named defendants, in terminating the plaintiff's electrical service to constitute action attributable to the State of Oklahoma for purposes of the Fourteenth Amendment. Therefore the plaintiff has failed to state a claim upon which relief can be granted under Title 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Accordingly:

IT IS ORDERED ADJUDGED AND DECREED that the Motion of the defendants, Public Service Co. of Oklahoma, R. O. Newman, Charles Simmons, and Prentiss Carter, to Dismiss for Failure to State a Claim upon Which Relief can be Granted is sustained and this cause is hereby dismissed.